BROWN *v.* STATE.

Opinion delivered January 15, 1912.

APPEAL AND ERROR—HARMLESS ERROR.—The error of allowing a certified copy of the record of a mortgage to be introduced in evidence without sufficient proof of loss of the original instrument was not prejudicial in a prosecution for selling mortgaged property where the execution of the mortgage was not an issue in the case.

Appeal from Union Circuit Court; *George W. Hays,* Judge; affirmed.

*Marsh & Flenniken,* for appellant.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

McCULLOCH, C. J. Defendant was convicted of the crime of disposing of mortgaged property with intent to defraud the mortgagee. He executed to J. W. Young a mortgage on a horse to secure the payment of a debt of $35, and afterward traded the horse off to another person. This much is undisputed.

Counsel for appellant maintain, in the first place, that the court erred in allowing a certified copy of the record of the mortgage to be introduced in evidence without sufficient proof of loss of the original instrument. Appellant admitted on the witness stand that he executed the mortgage; so, if it be conceded that the loss of the original was not sufficiently proved to warrant the introduction of the copy, no prejudice resulted from the ruling, as the execution of the mortgage was not a disputed fact in the case.

It is next contended that the State failed to prove that the offense was committed within three years next from the finding of the indictment. The indictment was returned on March 24, 1910, and Young, the prosecuting witness, testified that appellant disposed of the horse in the latter part of 1907 or the first of 1908. He did not pretend to know the exact date, but testified approximately that it occurred about the time named above. Appellant on the witness stand stated that he could not remember when he traded the horse, but thought it was either in the year 1906 or 1907. There were other circumstances in the case from which the jury might have drawn an inference as to the date that the animal was disposed of. He claimed to

have paid for the horse by working at a sawmill and having his earnings credited on the mortgage debt, and he exhibited a receipt, dated March 6, 1907, for $35, said to have been applied on the purchase price of a horse. Young had no connection with the sawmill, but it is claimed that he had given instructions for the mill company to give appellant work and credit his earnings on the price of the horse. The horse was traded some time after that. Young first made the unqualified statement that the horse was traded in the fall of 1907 but later in his testimony qualified that statement by saying that he did not know the exact date, but thought it was either in the latter part of 1907 or the first part of 1908. We are of the opinion that the jury were warranted in finding from the evidence that the horse was traded some time after March 24, 1907, which would bring the criminal act within three years next before the finding of the indictment.

The only remaining question is as to the sufficiency of the evidence to show that the mortgage lien was unsatisfied, and that appellant disposed of the property with intent to defeat the collection of the debt. Appellant testified that he had paid the debt, and introduced other testimony which tended to corroborate him. On the other hand, Young testified positively that the mortgage debt had never been paid. On the whole, we think the jury were warranted in finding that the debt was unpaid, and that defendant disposed of the property with intent to defeat the enforcement of the lien. The judgment is therefore affirmed.